**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| LEVI DUNN, | 3:07-CV-318-KJD-RAM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| PAUL R. COCHRAN, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Kent J. Dawson, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. #18). Plaintiff has opposed (Doc. #20), and Defendants have replied (Doc. #22).

## I. BACKGROUND

At the time of the events in his complaint, Plaintiff was in custody of the Nevada Department of Corrections at the Wells Conservation Camp (WCC). At that institution, Defendant Minniz is a lieutenant correctional officer, Defendant Brodsho is a caseworker, and Defendants Brackbill and Carpenter are medical officers. (Doc. #10 at 2-3.) Plaintiff filed a second amended complaint on November 29, 2007, alleging that prison officials failed to expeditiously transfer him to Ely State Prison (ESP) to receive medical treatment when he began experiencing severe pain. Plaintiff also alleges that he was denied medical treatment upon arriving at ESP even after he sent medical "kites" to Defendants Brackbill and Carpenter. Based on these allegations, Plaintiff states an Eighth Amendment claim for deliberate

1

indifference to his medical needs. *See* Doc. #13 at 4-5 [screening order].

Defendants move to dismiss or for summary judgment because Plaintiff has failed to exhaust the available administrative appeals relating to his treatment. (Doc. #18 at 5.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": 1) the "merits test", satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and 2) the "compliance test", satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendant must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and Defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one

for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation 740 (AR 740). The administrative process consists of: 1) an Informal Level grievance that is reviewed and responded to by an inmate caseworker; 2) a First Level formal written grievance appealing the informal grievance decision to the warden at the institution where the inmate is housed; and 3) a Second Level grievance appealing the First Level grievance decision, which is decided by the Assistant Director of Operations. (Doc. #10, Ex. A, at 11-12 [AR 740.02 § 1.1.1.1 (effective 1/5/04)].) If an inmate disagrees with the response to any grievance, he may appeal the grievance to the next available level within the prescribed deadlines. (*Id.* at 12 [§ 1.1.1.4].)

### III. DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed because he has failed to exhaust his administrative remedies. The record demonstrates that is indeed the case. Plaintiff filed Grievance #20062641732 to request a transfer to ESP to receive stronger medication. That grievance was filed at the Informal and First Levels, but not the Second Level. (Doc. #18, Ex. B, at 23 [grievance record printout].) Plaintiff then filed Grievance #20062647286 once at ESP seeking medical care. (*Id.* at 24) That grievance was filed only at the informal level. (*Id.*)

Plaintiff concedes this procedural defect. In his opposition to the motion to dismiss, he argues that his lawsuit "should not be dismiss [sic] for merely failing to exhaust his administrative remedies." (Doc. #20 at 1.) Plaintiff also argues that he should not have to resort to the point of exhausting his administrative remedies to receive medical care. (*Id.*) For any type of claim, however, all available administrative remedies must be exhausted before

3

1  bringing suit under § 1983.  Because Defendants have shown that neither the compliance nor
2  the merits tests for administrative exhaustion have been met in this case, Plaintiff's complaint
3  should be dismissed without prejudice.  *See Jones*, 457 F.Supp. at 1134; *see also O'Guinn v.*
4  *Lovelock Correctional Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion to Dismiss (Doc. #18) without prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: February 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE